OPINION
{¶ 1} Appellant Richard L. Barr appeals a judgment of the Muskingum County Common Pleas Court re-sentencing him to an aggregate sentence of seven years on convictions for felonious assault, aggravated vehicular assault, operating a motor vehicle while intoxicated, disregard for the safety of persons or property, and disobeying a stop sign:
 ASSIGNMENTS OF ERROR
{¶ 2} FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO STATE ON THE RECORD AT THE SENTENCING HEARING ITS REASONS FOR IMPOSING CONSECUTIVE SENTENCES. THE TRIAL COURT CANNOT PUT REASONS IN ITS JOURNAL ENTRY THAT WERE NOT STATED ON THE RECORD AT THE DEFENDANT'S SENTENCING HEARING OR THE DEFENDANT IS DEPRIVED OF HIS RIGHT TO DUE PROCESS OF LAW.
 {¶ 3} SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO CONDUCT A COMPLETE RE-SENTENCING HEARING IN ACCORDANCE WITH CRIM. R. 32 AND THE DUE PROCESS CLAUSE OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 4} THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN IMPOSING A MANDATORY SENTENCE FOR AGGRAVATED VEHICULAR ASSAULT AND IN IMPOSING MORE THAN THE MINIMUM SENTENCE AND A CONSECUTIVE SENTENCE BECAUSE THE VICTIM WAS A POLICE OFFICER, CONTRARY TO THE DUE PROCESS CLAUSE OF THE OHIO AND UNITED STATES CONSTITUTIONS.
{¶ 5} On April 29, 1998, appellant was indicted on one count of felonious assault in Case No. CR98-0076. On May 13, 1998, appellant was indicted for aggravated vehicular assault, operating a motor vehicle while intoxicated, disregard for the safety of persons or property, and disobeying a stop sign, in Case No. CR98-00-86.
{¶ 6} On July 8, 1998, appellant entered guilty pleas to all charges. The case came before the Muskingum County Common Pleas Court for sentencing on August 24, 1998. The court sentenced appellant to six years for felonious assault, one year for aggravated vehicular assault, six months for driving under the influence, and fined him $100 for the two minor misdemeanors. The sentences in Case No. CR98-0086 were to run concurrently with each other, but consecutively to the sentence in Case No. CR98-0076, for a total sentence of seven years.
{¶ 7} Appellant appealed to this court, arguing that the trial court erred in failing to make the statutorily required findings when imposing a sentence greater than minimum and when imposing consecutive sentences, and the court erred in failing to provide him an opportunity to present information in mitigation of punishment at the sentencing hearing. We sustained all three assignments of error, and remanded this case for re-sentencing.
{¶ 8} The court conducted a sentencing hearing on remand. Following this hearing, the court imposed the same sentence previously imposed. In the judgment in Case No. CR98-0076, the court made a finding in the judgment entry that the victim suffered physical harm to the extent that he was hospitalized, and suffered economic harm. The court further found that the offense was related to appellant's pattern of alcohol abuse. The court concluded that a minimum sentence would demean the seriousness of the offense and would not adequately protect the public. The court further found pursuant to R.C. 2929.14 (E)(3) that a consecutive sentence was necessary to protect the public and punish the offender, and is not disproportionate to the conduct and to the danger the offender imposes, in that the harm to the victim was so great or unusual that a single term does not adequately reflect the seriousness of the conduct. In the judgment entry with respect to Case No. CR-98-0086, the court further found that the victim was a police officer, the victim suffered physical harm, and appellant was under indictment for another offense when he committed the offenses for which he was indicted. At the sentencing hearing, the court stated on the record that the aggravated vehicular assault conviction involved a police officer, and had virtually ruined his life. Tr. 11. The court stated that to sentence concurrently would demean the seriousness of the offense and would fail to take into consideration the protection of the public. Id.
 I
{¶ 9} Appellant argues that the court erred in failing to state on the record the reasons for imposing consecutive sentences.
{¶ 10} Appellant first argues that the court cannot put reasons to support the sentence in its journal entry that were not stated on the record at the sentencing hearing, as he was deprived of his right to due process of law, and his opportunity to be present and have an opportunity to respond at every critical stage of the proceedings.
{¶ 11} In State v. Edmonson (1999), 86 Ohio St.3d 324,1999-Ohio-110, the Ohio Supreme Court looked to both the transcript of the sentencing hearing and the judgment entry to determine whether the requisite findings were made. Therefore, the court is not required to state all of its findings on the record at the sentencing hearing in order to give the appellant an opportunity to respond at that time. It is axiomatic that a court of record speaks only through its journal. In addition, we have previously held that the safest practice would be for the court to include in a written judgment entry specific findings of fact and reasons supporting the imposition of consecutive sentences.State v. Scheffler (June 22, 2000), Licking Appellate No. 99-CA-73.
{¶ 12} Appellant also argues that the court's statutory findings that consecutive sentences are necessary to protect the public and punish the offender, and the harm to the victim was so great and unusual that a single term does not adequately reflect the seriousness of the conduct, are not supported by operative facts in the record. We agree.
{¶ 13} In State v. Boyd (September 27, 1999), Stark Appellate No. 1999CA00045, we considered an argument that the record did not support the statutory finding made by the judge to impose a consecutive sentence. In that case, the prosecutor represented to the court before sentencing that the victim was in counseling. No other evidence was provided to the court relative to the victim's mental health. In sentencing the defendant, the court stated that the victim had suffered serious, psychological harm, which would in all likelihood affect this victim for the rest of her life. In reversing and remanding for re-sentencing, we concluded that while the record arguably supported the trial court's finding that the victim was currently in counseling, there was no evidence in the record to support the trial court's finding that the victim suffered serious psychological harm which would in all likelihood affect her for the rest of her life.
{¶ 14} Similarly, in the instant case, the court made findings that the victims suffered physical harm, and that the police officer, who was the victim in Case No. 98-CB-0086, had his life ruined by this crime. The court does not state where it received this information. The court does state that the original sentencing judge, who was not the same judge that presided over re-sentencing, considered the record, all statements, and any victim impact statements and pre-sentence report prepared. However, the pre-sentence investigation report and victim impact statements have not been made a part of the record on appeal. Further, as the case was disposed of by a guilty plea, there is no transcript of a trial from which we can determine if these facts are supported by the record.
{¶ 15} Where the court makes the requisite findings on the record, and states reasons for such findings if so required, our task on appellate review is to analyze such findings to determine if they constitute legally sufficient criteria to justify imposition of consecutive sentencing. The dilemma facing courts of appeals throughout the state is the uncertainty of whether appellate review is de novo, or if we are to give deference to the findings of fact made by the trial court, who has had the opportunity to observe the demeanor of the witnesses and to judge credibility. In the instant case, as none of the facts relied on by the judge in imposing consecutive sentences are in the record, we have nothing upon which to base our review of whether the sentence is appropriate. The court's findings are therefore insufficient to meet the requirements of the statute.
{¶ 16} The first assignment of error is sustained.
 II
{¶ 17} Appellant argues that the court erred in failing to conduct a complete re-sentencing hearing in accordance with Crim.R. 32.
{¶ 18} The trial court noted on the record that appellant's motion to present additional evidence included written statements of family members, along with certificates of achievement earned by appellant while in prison, all of which arose after the time of his original sentence. The court did not err in concluding that this information was not relevant, as the court was to look at the factors as they existed at the time of the original sentence, and not what steps appellant had taken to improve himself following such sentence. The court properly noted that most of the information which appellant attempted to present to the court was more appropriate for consideration of a motion for judicial release. Further, the court did allow appellant to make a statement to the court before he was re-sentenced.
{¶ 19} The second assignment of error is overruled.
 III
{¶ 20} Appellant argues that the court erred in imposing a mandatory sentence for aggravated vehicular assault, and imposing more than the minimum sentence and consecutive sentences because the victim was a police officer.
{¶ 21} Appellant first argues that the court erred in sentencing him to mandatory prison time on a specification attached to the charge of aggravated vehicular assault.
{¶ 22} The original indictment included a specification that appellant was under the influence of alcohol at the time he committed the offense. Appellant was convicted of such charge upon his guilty plea, which at the time of the original sentencing, carried a mandatory prison pursuant to R.C. 2929.13 (B). While appellant argues that the mandatory sentence is no longer valid, as the statute has been amended, the amended statute makes aggravated vehicular assault, when committed as the proximate result of driving under the influence of alcohol, a violation of R.C. 2903.08 (A)(1), and pursuant to R.C. 2903.08 (C), requires a mandatory prison term. Appellant has not demonstrated error in imposing a mandatory term under either the old or the amended statute based on his guilty plea in the instant case.
{¶ 23} Appellant also argues the court erred in enhancing his sentence on the basis that the victim was a police officer. The court did not err in considering this as one of the circumstances when determining whether a sentence greater than the minimum, or a consecutive sentence, was appropriate pursuant to the sentencing guidelines. Appellant has not demonstrated the court imposed a mandatory sentence based solely on the fact that the victim was a police officer; rather, the court considered this as one of the circumstances of the offense in making the statutory findings.
{¶ 24} The third assignment of error is overruled.
{¶ 25} Based on our disposition of assignment of error I, the judgment of the Muskingum County Common Pleas Court is reversed. This case is remanded to that court for re-sentencing.
By GWIN, J., HOFFMAN, P.J., and WISE, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, based on our disposition of assignment of error I, the judgment of the Muskingum County Common Pleas Court is reversed. This case is remanded to that court for re-sentencing. Costs to appellee.